PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
September 9, 1968
Honorable Claude R. Kirk, Jr. Governor, State of Florida State Capitol Tallahassee, Florida
Dear Governor Kirk:
We are in receipt of your letter of July 24, 1968, pursuant to Section 13, Article IV of the Constitution, as follows:
“July 24, 1968
“Honorable Millard Caldwell Chief Justice of the Supreme Court Supreme Court Building Tallahassee, Florida
Dear Justice:
“Pursuant to the provisions of Section 13 of Article IV, Florida Constitution, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor’s executive powers and duties.
“According to the provisions of Section 15, Article IV, the Governor has the power to fill by appointment any office the incumbent of which has been suspended. In addition, under the provisions of Section 7 of the same article, the Governor has the power to fill vacancies in any office.
“It is necessary that I receive a clarification of my executive authority on the aforementioned provisions of the Constitution, particularly *475 with regard to the length of the term of office of any officer appointed subsequent to the removal of the incumbent by the Senate.
There are two categories of public officials with which I am concerned. One is the office of county commissioner and the other is the Office of County Solicitor of Brevard County. The latter position was created by Chapter 61-605, Laws of Florida. Your opinion in this matter would be most helpful in clarifying any executive appointment to be made in the instant situation as well as any future appointments to be made of persons filling positions of removed officials.
“Therefore, I have the honor to request your written opinion on the following question:
“When the Florida Senate removes a public official and in particular a member of a board of county commissioners and the Solicitor of the Criminal Court of Record of Brevard County, am I authorized to appoint a successor for the balance of the unexpired term or would my appointment be limited to expire after the first Tuesday after the first Monday in January after the next general election, thereby necessitating a call for a special election some time prior to November of this year?
“Your early reply will be appreciated.
“Sincerely,
/s/ Claude R. Kirk, Jr. Governor”
There are several sections of the Florida Constitution which must be read with reference to the filling of vacancies in office wherein the incumbent’s removal from office has been confirmed by the Senate. One such provision is Section 7, Article IV, Florida Constitution, F.S.A., which provides:
“Section 7. Vacancies in office; appointments. — When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the lazos of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.” (Italics supplied.)
In the case of Gray v. Bryant (Fla.1960), 125 So.2d 846, the Supreme Court held that Section 7, Article IV is a “catchall” constitutional provision which applies only when other provisions of the Constitution or Statutes do not provide another method for filling a vacancy in office'.
The office of the county commissioner is a constitutionally established elective office. Article VIII, Section 5, Florida Constitution. As a constitutional elective office, the term of office when a vacancy occurs is governed by Section 6, Article XVIII and Section 7, Article XVIII, Florida Constitution, rather than Section 7 of Article IV. Section 6, Article XVIII provides:
“Section 6. Term of appointees to fill vacancies. — The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.” (Italics supplied.)
*476 The case of Gray v. Bryant, supra, is authority for the proposition that:
“The intent of Section 6, Article XVIII is clear and unmistakable. It is simply that a vacancy in such an office is to be filled by appointment for a special or ad interim term, which term is unrelated to, not controlled by, and is not a part of the regular term of the office, but which is limited by and terminates upon the people electing a qualified successor.”
Thus, as to the “elective office (s) under this Constitution” of county commissioner, your appointee under the facts presented in your letter of July 24, 1968, has an ad interim appointment only until the first Tuesday after the first Monday in January after the 1968 November general election. For this reason it will be necessary for you to call a special election for the unexpired term of this office prior to November of 1968.
The second appointee referred to in your letter of July 24, 1968, is that of the County Solicitor of the Court of Record in and for Brevard County, Florida, whose position and authority is statutory and derived from Chapter 61-605, Laws of Florida.
Being a statutory elective office said appointment is governed by Article IV, Section 7, Florida Constitution, which provides that an appointment to fill a vacancy from any cause, shall be for the unexpired term unless some other mode of filling the office is provided by our Constitution or by our statutes.
Our Legislature has adopted a general statute which provides a method of filling certain vacancies in office.
Section 114.01, Florida Statutes, F.S.A., reads in part:
“Every office shall be deemed vacant in the following cases:
% % ^ # ‡ ‡
“(3) By his removal.”
Section 114.04, provides:
“114.04 Filling vacancies.—In all such cases, and in all other cases in which a vacancy may occur, if the office be a state, district or county office (other than a member or officer of the legislature), the governor shall fill such office by appointment, and the person so appointed shall be entitled to take and hold such office until the same shall be filled by an election as provided by law, and in cases requiring the confirmation or the advice and consent of the senate, the person so appointed may hold until the end of the next ensuing session of the senate unless an appointment be sooner made and confirmed and consented to by the senate.” (Italics supplied.)
When F.S. Section 114.04, F.S.A., is applicable, as it is here, the appointee to fill the vacancy only receives an ad interim appointment until the first Tuesday after the first Monday in January after the next following general election unless the statute which governs the statutory elective office in question specifically provides another method for filling such vacancies. See In re Advisory Opinion to the Governor (Fla.1950), 46 So.2d 21; Advisory Opinion to Governor (1944), 154 Fla. 822, 19 So.2d 198; and Gray v. Bryant (Fla.1960), 125 So.2d 846, 855.
Section 10 of Chapter 61-605, Laws of Florida, governs the office of the County Solicitor of Brevard County. Although Section 10 does set forth how the County Solicitor shall be nominated and elected and his term of office, it does not concern itself with any vacancy which might occur in this office.
There being no specific provision in Chapter 61-605 governing a vacancy in the office of County Solicitor, F.S. Section 114.04, F.S.A., is applicable. It is our opinion that the County Solicitor appointed by you to fill the vacancy in question has an appointive term of office extending only until the first Tuesday after the first *477 Monday in January of 1969 and that it will be necessary for you to call a special election for the unexpired term of this office prior to November 1968.
Respectfully yours,
MILLARD F. CALDWELL Chief Justice
ELWYN THOMAS
B. K. ROBERTS
E. HARRIS DREW
CAMPBELL THORNAL
RICHARD W. ERVIN
WADE L. HOPPING Justices.